### BOSTICK v BEWARD

Ohio Appeals, 9th Dist, Summit Co

No 3232. Decided Dec 12, 1939

Bailey & Ecrement, Akron, for appellant.

Waters, Andress, Wise, Roetzel & Maxon, Akron, for appellee.

## OPINION

PER CURIAM:

Raymond B. Bostick, as plaintiff, instituted an action in the Court of Common Pleas of Summit County, Ohio, against Chalmer L. Beward, to recover for loss of consortium of his wife, for medical expenses for his wife, and for damages to his automobile, which he claimed to have suffered by reason of a collision between his automobile, driven by his wife, and the automobile of the defendant. which it was alleged resulted from the negligence of the defendant.

Trial to a jury resulted in a verdict and judgment in favor of the plaintiff for $79.54 which sum represented the cost of repairs to plaintiff's automobile, and nothing for loss of consortium and medical expenses. Plaintiff has perfected his appeal to this court on questions of law.

The facts as disclosed by the record are that, on the afternoon of June 12, 1938. Mrs. Elizabeth Bostick was operating her husband's autmobile in an easterly direction on East Exchange Street in the city of Akron, Ohio, and as she approached the intersection of Grant Street and East Exchange Street she brought said automobile to a stop by reason of a signal from the traffic light operating at said intersection. Her's was the fourth car in a line of traffic proceeding easterly, and when brought to a stop said car was from three to five feet to the rear of the car immediately in front of her, which was being operated by Mr. James J. King. While said automobile was thus standing motionless, waiting for a change in the traffic signal, it was struck from the rear by an automobile being operated in an easterly direction by the defendant, the appellee here, with such force as to drive the car operated by Mrs. Bostick forward and into the King car. The force of the collision was sufficient to crush the grill on the front of the defendant's car to break the radiator thereon, and to inflict other damage, and, as a result of the collision, Mrs. Bostick's head was jerked back, so that it struck the back part of the seat of the car, and she was then thrown forward in such a way as to cause her to strike her head on the steering wheel and sustain a blow in her abdomen. with the result that she was rendered temporarily unconscious.

The evidence further shows that at the time of the collision Mrs. Bostick was two and one-half months pregnant, and that immediately after the collision she suffered pain in her abdomen; that she went to the home of her mother, where her condition caused her to lie down until about 7:30 o'clock that evening. when she drove to Loyal Oak to get her husband, who was there employed. He drove the car upon the return trip, and upon their arrival at their home, Mrs. Bostick went to bed.

On the 16th of June, 1938, Mrs. Bostick went to see Dr. W. C. Robart at his office, who, upon examination, made a diagnosis of threatened abortion. On June 20, 1938, she passed a large clot, and another on June 24, and she bled from her cervix for ten days following June 20th.

Thereafter she developed additional trouble, which necessitated an operation for the removal of her right Fallopian tube on July 25, 1938.

All of the evidence of the plaintiff, which was uncontradicted, discloses a continuous sequence of events from the time of the collision up to and including the operation on July 25th, from which the conclusion is inescapable that the collision directly and proximately caused the injuries which furnished the basis for the husband's expenditures for medical, nursing and hospital expenses.

At the conclusion of the case, there were submitted to the jury a number of interrogatories, the first of which required the jury to state whether or not the defendant was negligent, and of what such negligence consisted. The jury found the defendant to be negligent, in that he failed to exercise the proper care and caution in the operation of his automobile in not stopping the same in due time to prevent the collision.

The second interrogatory read as follows: "If you find that the defendant was negligent, then state whether such negligence was a direct and proximate cause of contemporaneous physical injury to plaintiff's wife"; to which the answer was "No".

The defendant offered no evidence which conflicted in any manner whatsoever with the evidence on behalf of the plaintiff.

The members of this court are unanimously of the opinion that said finding of the jury that the negligence of the defendant was not a direct and proximate cause of contemporaneous physical injury to plaintiff's wife, is manifestly against the weight of the evidence.

There was no evidence of an injury from mere fright where there was no substantial physical injury, and the law as announced in **Miller v B. & O. S. W. Rd. Co., 78 Oh St 309**, and in **Davis v Cleveland Ry. Co., 135 Oh St 401**, has no application to the facts shown by this present record.

The other interrogatories submitted to the jury, with the exception of the one determining the amount of damages assessed by reason of damage to plaintiff's automobile, were conditioned upon an affirmative answer to interrogatory No. 2, and were accordingly not answered by the jury.

We are of the opinion that the trial court should have granted the plaintiff's motion for a new trial, and that failure to do so was error, prejudicial to the substantial rights of the appellant.

The judgment will be reversed, and the cause remanded for further proceedings according to law.

WASHBURN, PJ., DOYLE, J., and STEVENS, J., concur.